IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BRIAN SCHOFFSTALL, *aka Brian*      :
*Kenneth Miller*      :
    **Plaintiff,**      :
     :
    **v.**      :      **CIVIL ACTION NO. 26-CV-2167**
     :
**C.F.C.F,**      :
    **Defendant.**      :

**MEMORANDUM**

YOUNGE, J.                                                  **APRIL 21, 2026**

*Pro se* Plaintiff Brian Schoffstall, also known as Brian Kenneth Miller, a prisoner

currently housed at SCI Somerset, filed this civil rights action pursuant to 42 U.S.C. § 1983

against the Curran-Fromhold Correctional Facility ("CFCF"). Schoffstall alleges constitutional

violations in connection with his placement in overcrowded cells at CFCF when he was housed

there as a pretrial detainee. Schoffstall also seeks leave to proceed *in forma pauperis*. For the

following reasons, the Court will grant Schoffstall leave to proceed *in forma pauperis* and

dismiss his Complaint.

I.     **FACTUAL ALLEGATIONS**[1]

Schoffstall alleges that when he was housed at CFCF, he was placed in a windowless

room with three other inmates. (Compl. at 3.) Specifically, in December of 2020 he was

"housed in a 'room' for a few days; in late 2022 he was housed in a room for about one month;

and in 2023, he was housed in a room for over twelve months. (*Id*. at 4.) Schoffstall claims that

"too many people were housed in these 'rooms'" and that this constituted "inhuman conditions."

---

[1] The facts are taken from Miller's Complaint €, which consists of the Court's standard
form complaint. Court adopts the pagination supplied by the CM/ECF docketing system.

(*Id*. at 5.)  Schoffstall asked various prison officials if he could be moved, such as Sgt. Butler, C/O Oliver, C/O Boyer, C/O Thomas, C/O Zul, and many other officials.  (*Id*. at 8.)  His requests to be moved were denied.  (*Id*.)  Based on these conditions, Schoffstall suffered from mental health issues.  (*Id*.)  He requests damages.  (*Id*.)

## II.      STANDARD OF REVIEW

The Court grants Schoffstall leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[2]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Cephas's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim."  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  As Schoffstall is proceeding *pro se*, the Court construes his allegations liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

---

[2] Because Schoffstall is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

## III.    DISCUSSION

The Court understands Schoffstall to assert Fourteenth Amendment conditions-of-confinement claims based on alleged overcrowded conditions at CFCF.[3]  Schoffstall asserts constitutional claims pursuant to § 1983, the statute enabling a plaintiff to raise claims for violations of the federal constitution.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element, and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims.  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998).

Schoffstall names as the sole Defendant the George W. Hill Correctional Facility.  However, a jail or correctional facility is not a "person" under § 1983.  *See Miller v. Curran-Fromhold Corr. Facility*, No. 13-7680, 2014 WL 4055846, at *2 (E.D. Pa. Aug. 13, 2014) (citing *Mitchell v. Chester Cnty. Farms Prison*, 426 F. Supp. 271 (E.D. Pa. 1976)); *Ruff v. Health Care Adm'r*, 441 F. App'x 843, 845-46 (3d Cir. 2011) (*per curiam*) (stating that a prison medical department is not a "person" who could be sued under § 1983); *Cephas v. George W. Hill Corr. Facility*, No. 09-6014, 2010 WL 2854149, at *1 (E.D. Pa. July 20, 2010).  Accordingly, Schoffstall's claims against CFCF must be dismissed because the correctional facility is not a legal entity susceptible to suit.  *See Cephas*, 2010 WL 2854149, at *1; *see also Lenhart v.*

---

[3] Schoffstall's public criminal docket reveals that he was a pretrial detainee while housed at CFCF.  *See Commonwealth v. Schoffstall*, No. CP-51-0002175-2021 (C.P. Phila).  Since Schoffstall was a pretrial detainee at the time of the events in question, the Fourteenth Amendment governs his conditions-of-confinement claims.  *See Hubbard v. Taylor*, 399 F.3d 150, 165-66 (3d Cir. 2005).

*Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013) (*per curiam*) (affirming dismissal of claims against county prison because even though "[a] local governmental agency may be a 'person' for purposes of § 1983 liability, [the county prison] is not a person capable of being sued within the meaning of § 1983" (internal citations omitted)).

The Complaint is deficient for other reasons. Specifically, Schoffstall has not plausibly alleged a Fourteenth Amendment violation. Housing multiple inmates in a cell does not alone establish a constitutional violation. *See Hubbard v. Taylor*, 538 F.3d 229, 236 & n.6 (3d Cir. 2008) (holding that pretrial detainees do not have a right "to be free from triple-celling or from sleeping on a mattress placed on the floor."); *North v. White*, 152 F. App'x 111, 113 (3d Cir. 2005) (*per curiam*) ("Double or triple-bunking of cells, alone, is not per se unconstitutional."). Schoffstall has not stated a plausible constitutional violation because he has not alleged that the overcrowded conditions amounted to punishment, deprived him of a basic need, or otherwise caused him harm. *See Wilson v. Seiter*, 501 U.S. 294, 305 (1991) ("Nothing so amorphous as 'overall conditions' can rise to the level of cruel and unusual punishment when no specific deprivation of a single human need exists."); *Bell v. Wolfish*, 441 U.S. 520, 542-43 (1979) (concluding that double-bunking did not violate constitutional rights of pretrial detainees when detainees had sufficient space for sleeping and use of common areas, and the average length of incarceration was 60 days); *Lindsey v. Shaffer*, 411 F. App'x 466, 468 (3d Cir. 2011) (*per curiam*) ("The critical issue for Eighth Amendment purposes is not the number of prisoners who share facilities; rather, it is whether the alleged overcrowding has somehow harmed the prisoner."); *Hubbard*, 538 F.3d at 232-35 (concluding that triple-celling of pretrial detainees, some of whom were made to sleep on floor mattresses for three to seven months, and housing of

4

detainees in gym, weight room, and receiving area due to overcrowding, did not amount to punishment).

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Schoffstall leave to proceed *in forma pauperis* and dismiss his Complaint.  Schoffstall will be permitted to file an amended complaint in the event he can name a proper defendant and allege facts to cure the other deficiencies noted by the Court.  An appropriate Order follows, which offers additional guidance on amending to the extent Schoffstall wishes to do so.

**BY THE COURT:**

*/s/ John Milton Younge*
**JOHN MILTON YOUNGE, J.**